UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

L. T. HAMPEL CORP.,

        Plaintiff,

vs.

VENTEC CANADA INC, and
VDK PRODUCTS BV,

        Defendants.

Case No. 15-cv-587

---

# COMPLAINT

---

Plaintiff, L. T. Hampel Corp. ("Hampel"), by its counsel, Michael Best & Friedrich, LLP, alleges as follows for its complaint against Defendants Ventec Canada Inc ("Ventec") and VDK Products BV ("VDK"):

## NATURE AND STATUTORY BASIS FOR ACTION

1. Hampel is a leading Midwest plastics manufacturer based in Germantown, Wisconsin. Hampel's cornerstone product is Calf-Tel® housing for calves, which Hampel has sold in the United States since 1981. A Calf-Tel hutch provides shelter and protection for calves, i.e. a house for calves as shown on Exhibit A. During the past three decades, Hampel has built an enviable reputation among dairy farmers and cattle breeders for its innovative Calf-Tel hutches and pens. Despite this, VDK, through its Canadian distributor Ventec, recently advertised CalfOTel calf housing in *Dairy Today*'s program for the World Dairy Expo, which opens in Madison, Wisconsin, on September 29, 2015. Defendants' use of CalfOTel not only unfairly trades off Hampel's goodwill in the Calf-Tel brand, but consumers are also likely to be confused by the nearly identical brands, CalfOTel versus Calf-Tel, for directly competing calf

housing products. Therefore, Hampel brings this action for: (1) trademark infringement under section 32 of the Lanham Act (15 U.S.C. § 1114(1)); (2) trademark infringement, false designation of origin and unfair competition under section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and (3) common law trademark infringement and unfair competition.

## THE PARTIES

2. Hampel is a Wisconsin corporation located at W194 N11551 McCormick Drive, Germantown, Wisconsin 53022.

3. Upon information and belief, Ventec is a Canadian corporation located at 4000, Avenue Pinard, Saint-Hyacinthe, Quebec, Canada J2S 8K4.

4. Upon information and belief, VDK is a Netherlands company located at De Sonman 21, NL-5066 GJ Moergestel, Netherlands.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is expressly conferred on this Court under 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1376(a) and principles of supplemental jurisdiction.

6. Personal jurisdiction over the Defendants is vested in this Court because Defendants have purposefully availed themselves of the privilege of acting in this District by, among other things, advertising infringing CalfOTel products in *Dairy Today*'s program for the World Dairy Expo, a trade show that occurs in this District. Ventec is also signed up as an exhibitor at the World Dairy Expo, and VDK placed an advertisement for CalfOTel housing in the *Progressive Dairyman*, a publication with editorial offices located in this District and a circulation in this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the activity complained of occurred in this District, and Defendants are subject to personal jurisdiction herein.

## BACKGROUND

8. For more than 30 years, Hampel has expended a great deal of time, effort and money in the promotion and advertisement of calf housing products sold under the Calf-Tel brand.

9. Since 1981, the Calf-Tel product line has expanded from calf hutches to more than 150 calf housing products that assist with raising and managing calves, as shown in Exhibit A. Hampel continues to invest in the development of its Calf-Tel products, and the original Calf-Tel housing unit is now its sixth generation.

10. Hampel's Calf-Tel housing is one of the best-selling brands of calf housing products in the United States, and more than 2 million calves are raised in Calf-Tel housing each year.

11. In 2014, Wisconsin Manufacturers and Commerce recognized Hampel as one of three leading manufacturers in the state, including specific recognition for Hampel's international distribution of the Calf-Tel line of products.

12. In 2013, the Calf-Tel pen system won first place in its category in the Thermoforming Parts Competition at the Society of Plastics Engineers Conference. In 2008, the World Ag Expo named the newest model of the Calf-Tel hutch as one of the Top Five New Dairy Products.

13. Hampel owns a federal trademark registration for Calf-Tel, U.S. Reg. No. 1,715,787, registered September 15, 1992, for transportable, prefabricated houses for calves.

Attached as Exhibit B is a printout from the U.S. Patent and Trademark Office website showing the current status of the Calf-Tel registration.

14. The Calf-Tel registration is incontestable under 15 U.S.C. § 1065 and constitutes conclusive evidence of the validity of the mark, Hampel's ownership of the mark, and Hampel's exclusive right to use the registered mark in connection with the goods identified in the registration under 15 U.S.C. § 1115(b).

15. As a result of Hampel's federal trademark registration and Hampel's continuous promotion and distribution of calf housing products under the Calf-Tel mark since 1981, Hampel has acquired valuable goodwill in the Calf-Tel mark and the Calf-Tel mark indicates that Hampel is the source of the goods bearing that trademark.

16. Notwithstanding Hampel's prior and continuous use of the Calf-Tel mark for calf housing products in the U.S. market, Ventec recently advertised calf hutches under the name "CalfOTel" in the August 2015 World Dairy Expo Official Program edition of Dairy Today. A true and correct copy of the ad is attached as Exhibit C. Not only does this advertisement specifically reference "CalfOTel calf hutches," but the advertisement also invites consumers to "Come meet us at the World Dairy Expo." *Id.*

17. Ventec is signed up as an exhibitor at the World Dairy Expo, which starts on September 29, 2015 at the Alliant Energy Center in Madison, Wisconsin.

18. Upon information and belief, Ventec will be promoting calf housing products under the name "CalfOTel" at the World Dairy Expo.

19. Defendant VDK manufactures calf housing products and has sold them in Europe under the CalfOTel name.

20. Defendant VDK has begun to use the name CalfOTel in connection with calf housing products in the United States, including in an advertisement placed in *The Progressive Dairyman* magazine. Attached as Exhibit D is a true and correct copy of this advertisement.

21. Calf-Tel housing and CalfOTel housing are directly competitive products, targeted at the same customers, *i.e.,* dairy farmers and cattle breeders, and marketed through identical channels of trade, such as the World Dairy Expo.

22. The Calf-Tel and CalfOTel marks are highly similar in sound, meaning and commercial impression. The visual impression of the stylized CalfOTel mark, as used by VDK, appears as "Calf Tel" with the design of a calf hutch in the middle:



23. Ventec's use of the CalfOTel name in connection with calf housing products in the United States will create a likelihood of consumer confusion as well as irreparable harm to the valuable Calf-Tel brand.

24. U.S. dairy farmers familiar with the well-established Calf-Tel brand are likely to immediately associate the CalfOTel brand with Hampel or wrongly believe that CalfOTel housing is somehow related to Calf-Tel housing or an extension of the Calf-Tel brand. Thus, Defendants' promotion and/or sale of CalfOTel products is likely to create both initial-interest confusion and point-of-sale confusion in the U.S. marketplace.

25. The promotion, advertising and/or sale of products under the CalfOTel name preclude Hampel from being able to control the reputation of its Calf-Tel brand. Consumers encountering the CalfOTel name in connection with calf housing units are likely to associate CalfOTel housing with the well-established Calf-Tel brand. Thus, Defendants' use of the

CalfOTel name is likely to create confusion in the U.S. marketplace in a manner that would irreparably damage the reputation and goodwill of the Calf-Tel brand.

26. Although VDK uses the ® symbol with its CalfOTel advertisement in the *Progressive Dairyman*, such use is misleading because the CalfOTel mark is not registered in the United States. VDK owns a single Benelux trademark registration for the CalfOTel mark, which it filed in 2005.

27. The Defendants' actions described above have caused irreparable damage and injury to Hampel and, if permitted to continue, will further damage and injure Hampel, its Calf-Tel mark, and Hampel's reputation and the goodwill associated with the Calf-Tel mark. Defendants' actions also significantly damage the public interest in being free from confusion as to the source, sponsorship or affiliation of the Calf-Tel and CalfOTel products.

28. The Defendants' use of the CalfOTel mark is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' products, and is likely to falsely suggest a sponsorship, connection, license, or association of Defendants and its products with Hampel, thereby injuring Hampel and the public in general.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGMENT

29. Hampel incorporates paragraphs 1-28 of this Complaint as though fully set forth.

30. Defendants' use of the CalfOTel mark is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association Defendants' products with Hampel, or as to the approval of Defendants' products by Hampel, and thus constitutes infringement of the Calf-Tel mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31.     Defendant VDK's infringement of Hampel's mark has taken place with full knowledge of Hampel's registered Calf-Tel mark and, therefore, has been intentional, deliberate and willful.

32.     As a direct and proximate result of the actions of Defendants alleged above, Hampel has been irreparably harmed and the irreparable harm will continue unless Defendants' infringing conduct is enjoined by this Court.

33.     Defendants' actions described herein have caused damage to Hampel in an amount to be determined at trial.

## COUNT TWO
## FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

34.     Hampel incorporates the allegations of paragraphs 1-33 as if fully set forth herein.

35.     Defendants' use of the CalfOTel mark is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection or association of Defendants' products with Hampel, or as to the approval of Defendants' products by Hampel, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to Hampel's mark in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

36.     Defendant VDK's actions have taken place with full knowledge of Hampel's Calf-Tel mark and, therefore, have been intentional, deliberate and willful.

37.     As a direct and proximate result of the actions of Defendants alleged above, Hampel has been irreparably harmed and the irreparable harm will continue unless their infringing conduct is enjoined by this Court.

38.     Defendants' actions described herein have caused damage to Hampel in an amount to be determined at trial.

## COUNT THREE
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

39. Hampel incorporates the allegations of paragraphs 1-38 of this Complaint as though fully set forth herein.

40. The acts of Defendants complained of herein constitute common law trademark infringement and unfair competition under the laws of the State of Wisconsin.

41. Defendant VDK's actions have taken place with full knowledge of Hampel's Calf-Tel mark and, therefore, have been intentional, deliberate and willful.

42. As a direct and proximate result of the actions of Defendants alleged above, Hampel has suffered irreparable harm which will continue unless Defendants' infringing conduct is enjoined by this Court.

43. Defendants' actions described herein have caused damage to Hampel in an amount to be determined at trial.

## JURY DEMAND

Hampel demands a trial by jury on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Hampel demands judgment in its favor on each and every claim for relief set forth above and an award for relief including, but not limited to, the following:

1. A preliminary and permanent injunction enjoining Defendants and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, joint ventures, distributors, dealers, and all persons in active concert or participation with any of them:

    a.    From using the CalfOTel mark, or any variation or any other colorable imitation thereof, that is likely to cause confusion with the Calf-Tel mark or any other trademark owned by Plaintiff;

    b.    From distributing, promoting, and selling any services or products under the CalfOTel mark, or any variation or any other colorable imitation thereof, that is likely to cause confusion with the Calf-Tel mark or any other trademark owned by Plaintiff;

    c.    From representing by any means whatsoever, directly or indirectly, that Defendants, any services or products offered by Defendants, or any activities undertaken by Defendants, are sponsored or licensed by Plaintiff or otherwise associated or connected in any way with Plaintiff; and

    d.    From passing off any of its services or products as originating with, associated with or sponsored by Plaintiff.

2. An Order requiring Defendants to deliver up to Plaintiff for destruction all goods, advertisements, literature and other written or printed material which bear the CalfOTel mark.

3. An Order directing Defendants to file with this Court and serve on Plaintiff's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction.

4. An Order requiring Defendants to account for and pay to Plaintiff any and all profits arising from the foregoing acts of infringement, false designation of origin, and unfair competition, and trebling such profits in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws.

5. An Order requiring Defendants to pay to Plaintiff compensatory damages in an amount to be determined caused by the foregoing acts of infringement, false designation of origin, and unfair competition, and trebling such compensatory

damages in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws.

6. An Order requiring Defendants to pay to Plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts of Defendants.

7. An Order requiring Defendants to pay Plaintiff's costs and attorney fees in this action pursuant to 15 U.S.C. § 1117 and other applicable statutes and laws.

8. Other relief as this Court deems just and equitable.

Dated this 14th day of September, 2015.

**MICHAEL BEST & FRIEDRICH LLP**

By: /s/ Katherine W. Schill
Jonathan H. Margolies, SBN 1000452
Katherine W. Schill, SBN 1025887
Katrina G. Hull, SBN 1056517
100 E. Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
Phone: 414-271-6560
Email: jhmargolies@michaelbest.com
kwschill@michaelbest.com
kghull@michaelbest.com

Albert Bianchi, Jr. SBN 1056920
One South Pinckney Street, Suite 700
Madison, WI 53703
Phone: 608-257-3501
Email: abianchi@michaelbest.com

*Attorneys for Plaintiff*